# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **FUNDICIONES BALAGUER, S.A.,**<br><br>Plaintiff,<br><br>v.<br><br>**FERRELL-ROSS ROLL MANUFACTURING INC.,**<br><br>Defendant. | CIVIL ACTION NO.: 4:23-CV-4437 |

## COMPLAINT

Plaintiff, Fundiciones Balaguer, S.A., by way of a complaint against Defendant, Ferrell-Ross Roll Manufacturing, Inc., alleges the following:

### I. NATURE OF THE ACTION

1. This case arises from the wrongful conduct of Defendant in a series of sales transactions involving centrifugally cast rolls, which has caused Plaintiff to suffer substantial pecuniary losses.

2. Plaintiff seeks the award of compensatory damages; reasonable attorneys' fees and costs; the appointment of a receiver; as well as other and further legal and equitable relief, as may be warranted by the law and facts of this case.

### II. THE PARTIES

3. Plaintiff, Fundiciones Balaguer, S.A. ("Balaguer Rolls"), is a Spanish corporation ("*sociedad anónima*" in Spanish), with its principal office located in Alicante, Spain.

4. Defendant, Ferrell-Ross Roll Manufacturing, Inc. ("F-R"), is a Texas corporation with its registered office located at 701 Brazos St., Ste. 720, Austin, TX 78701.

### III. JURISDICTION AND VENUE

5. The Court has diversity jurisdiction under 28 U.S.C. § 1332 because the parties here are completely diverse: Balaguer Rolls is a citizen of Spain, and F-R is a citizen of Texas. Further, the amount in controversy exceeds $75,000, not counting interest and costs of court.

6. This case also involves federal question jurisdiction under 28 U.S.C. § 1331, because the respective countries of citizenship of Balagauer Rolls and F-R —Spain and the United States— are signatories to the U.N. Convention on Contracts for the International Sale of Goods ("CISG").

7. Venue is proper in this Court because all or most of the events giving rise to this action occurred in this District. *See* 28 U.S.C. § 1391(b)(2).

### IV. FACTUAL BACKGROUND

8. Balaguer Rolls is a renowned company in the manufacturing of centrifugally chilled cast iron rolls for the food processing industry.

9. Since approximately 1996, Balaguer Rolls has maintained a business relationship with F-R, selling its merchandise to F-R for resale and/or use in the United States.

10. Starting in January 2021, and continuing through January 2023, Balaguer Rolls fulfilled at least eight orders placed by F-R, all of which resulted in delivery of merchandise to F-R in Houston, Texas.

11. Those orders placed by F-R, which Balaguer Rolls fulfilled and shipped, resulted in delivery of merchandise to F-R or its agents in Houston, and the same are specified in the true and correct copies of the Balaguer Rolls invoices issued to F-R for payment, attached hereto as Exhibits A, B, C, D, E, F, G, and H.

12. The invoices attached hereto as Exhibits A through H were never paid by F-R, despite delivery of merchandise having been complete.

13. On or about May 4, 2023, legal counsel to Balaguer Rolls transmitted a demand for payment to F-R, a true and correct copy of which is attached hereto as Exhibit I, requiring payment no later than May 12, 2023, for the total amounts due in the sum of $411,418.00 USD.

14. Despite the demand for payment, F-R has failed and refused, and continues to fail and refuse, to pay the amounts justly due to Balaguer Rolls.

15. Plaintiff has retained the undersigned law firm and is obligated to pay a reasonable fee for its services.

16. All conditions precedent to this action have been performed, excused, waived, or would otherwise prove futile or unconscionable under the law and facts of this case.

## V. SUBSTANTIVE LEGAL CLAIMS

*Count I: Breach of Contract (CISG Claims)*

17. Plaintiff repeats each and every preceding factual allegation as if fully set forth herein.

18. Because Balaguer Rolls and F-R had an established trading relationship that spanned approximately 25 years prior to this dispute, they are bound by their established practices (including that of payment upon delivery), in accordance with Article 9 of the CISG.

19. Under Article 53 of the CISG, F-R is obligated to pay the price of the goods delivered in Houston, and described in the invoices attached hereto as Exhibits A through H.

20. Through, *inter alia*, its demand letter to F-R, Balaguer Rolls has acted in conformity with Article 62 of the CISG.

21. By failing to pay Balaguer Rolls, F-R is in breach of its contractual obligations, including the obligation to pay as referenced in Articles 53 and 54 of the CISG.

22. The contractual breach by F-R has been fundamental. *See* CISG, Art. 25.

23. The breach-of-contract damages to which Balaguer Rolls is entitled, under Article 74 of the CISG, consists of a sum equal to its loss, including lost profit.

24. Additionally, Balaguer Rolls is entitled to interest on its damages, in accordance with Article 78 of the CISG.

*Count II: Replevin & Unjust Enrichment*

25. Plaintiff repeats each and every preceding factual allegation as if fully set forth herein.

26. Balaguer Rolls shipped valuable merchandise to Houston in fulfillment of orders placed by F-R.

27. Accordingly, Balaguer Rolls has conferred valuable benefits upon F-R, for which no exchange of value has occurred, and allowing the F-R to retain this property or the proceeds generated thereby would constitute unjust enrichment.

28. Under the circumstances, F-R has been unjustly enriched by refusing to tender payment, or return merchandise, to Balaguer Rolls.

29. Thus, in the alternative, Balaguer Rolls is entitled to compensation and recovery of funds and/or property under equitable principles, including those of replevin and unjust enrichment, such that justice may be done.

*Count III: Attachment and/or Receivership*

30. Plaintiff repeats each and every preceding factual allegation as if fully set forth herein.

31. Balaguer Rolls would aver that F-R is likely in imminent danger of insolvency. *See generally* Section 64.001(a)(5) and/or Section 64.001(a)(6) of the Texas Civil Practice and

Remedies Code.

32.     Accordingly, upon the establishment of facts warranting the same, Balaguer Rolls would respectfully request the appointment of a receiver and/or issuance of a writ of attachment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1.     For an award to Plaintiff of compensatory and/or consequential damages, together with attorney´s fees, interest, and costs of suit;

2.     For all relief available under Texas law, in accordance with Rule 64 of the Federal Rules of Civil Procedure; and

3.     For such other and further legal and/or equitable relief as this Court deems just and proper in the exercise of its jurisdiction, and in accordance with, *inter alia*, 28 U.S.C. §§ 2201 and 2202.

Dated: November 22, 2023

Respectfully submitted,

Gregory Ahlgren
Diaz, Reus & Targ LLP
2800 Post Oak Blvd.
Ste. 4100
Houston, TX 77056
Tel.: (305) 375-9220
E-mail: gahlgren@diazreus.com

By: *Gregory Ahlgren*
GREGORY AHLGREN
STATE BAR OF TEXAS #00793031
S.D. TEX. #28318
Attorney-in-Charge for Plaintiff

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing instrument will be duly served upon the Registered Agent of Defendant.

By: *Gregory Ahlgren*
GREGORY AHLGREN
STATE BAR OF TEXAS #00793031
S.D. TEX. #28318
Attorney-in-Charge for Plaintiff