Case 4:23-cv-04437   Document 13   Filed on 12/17/24 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
December 17, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FUNDICIONES BALAGUER, S.A., | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:23-cv-4437 |
| | § | |
| FERRELL-ROSS ROLL | § | |
| MANUFACTURING, INC., | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Pending before this Court are Fundiciones Balaguer, S.A.'s ("Plaintiff") Motion for Default Judgment, (Doc. No. 10), and Memorandum in Support, (Doc. No. 12). Ferrell-Ross Roll Manufacturing, Inc. ("Defendant") has been served, but has not appeared in the case nor filed a response in opposition. Having considered the motion and the relevant pleadings, the Court **GRANTS** the motion. (Doc. No. 10).

### I.  Background

Plaintiff files this action to collect the unpaid balance of several invoices. (Doc. No. 1). Plaintiff is a Spanish corporation that manufactures cast-iron rolls for the food-processing industry. (*Id.* at 1–2). Plaintiff alleges that Defendant placed several orders for these rolls, Plaintiff fulfilled and shipped them, but Defendant failed to pay. (*Id.* at 2–3). As a result, Plaintiff alleges that it suffered actual damages in the amount of $411,418. (*Id.* at 3). To recover those damages, Plaintiff filed suit, alleging (1) breach of contract under the United Nations ("U.N.") Convention on Contracts for the International Sale of Goods ("CISG"); (2) unjust enrichment; and (3) entitlement to receivership or attachment. (*Id.* at 4–5).

Plaintiff filed this suit on November 22, 2023. (Doc. No. 1). Defendant was served through its registered agent for service of process on December 4, 2023, (Doc. No. 5), but has not appeared in the case or filed any responsive pleadings. On February 11, 2024, the Clerk entered Defendant's default pursuant to Federal Rules of Civil Procedure 55. (Doc. No. 9).

## II.     Legal Standard

After default is entered, a plaintiff may seek default judgment under Federal Rule of Civil Procedure 55(b). *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The plaintiff must submit evidence supporting that the defendant has been properly served with the summons, complaint, and the default judgment motion. *James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. 16-CV-463, 2018 WL 4688778, at *3 (W.D. Tex. July 5, 2018) (citing *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649–51 (5th Cir. 1988)); *Hazim v. Schiel & Denver Book Grp.*, No. H-12-1286, 2013 WL 2152109, at *1 (S.D. Tex. May 16, 2013); S.D. Tex. L.R. 5.5 ("Motions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested)."). Absent proper service, a district court does not have personal jurisdiction over the defendant, and any default judgment is void. *See Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986).

A "party is not entitled to a default judgment as a matter of right." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "Defaults are 'generally disfavored.'" *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984)). The Fifth Circuit favors "resolving cases on their merits." *Sindhi v. Raina*, 905 F.3d 327, 331 (5th Cir. 2018) (quotation omitted). "This policy, however, is 'counterbalanced by considerations of social goals, justice and

expediency, a weighing process that lies largely within the domain of the trial judge's discretion.'" *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (alterations omitted) (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990)). The court may enter default judgment where "the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

"A default judgment is unassailable on the merits but only so far as it is supported by the well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co.*, 515 F.2d at 1206. For the court to enter default judgment, the complaint must satisfy Federal Rule of Civil Procedure 8. *See Wooten*, 788 F.3d at 497–98. "On appeal, the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 573 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility than a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

### III. Analysis

Courts in the Fifth Circuit have developed a three-part test to determine whether a default judgment should be entered. First, the court must consider whether the entry of default judgment is "procedurally warranted." *Nasufi v. King Cable Inc.*, No. 3:15-CV-3273-B, 2017 WL 6497762, at *1 (N.D. Tex. Dec. 19, 2017) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). Second, the court assesses the substantive merits of the plaintiff's claims to determine whether there is a "sufficient basis in the pleadings for the judgment." *Id.* at *2 (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206). Third, the court determines "what form of relief, if any, the [plaintiff] should receive." *Id.* (alteration in original) (quoting *United States v. 1998 Freightliner VIN #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008)). The Court takes each step in turn.

#### A. Default Judgment is Procedurally Warranted

Whether the entry of default judgment is procedurally warranted depends on the following factors identified by the Fifth Circuit:

> [1] whether material issues of fact are at issue; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

All of these factors weigh in Plaintiff's favor. First, Defendant has not filed an answer or any responsive pleadings since being served in this case; consequently, there are no material facts in dispute. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("The defendant, by his default, admits

4

the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). Second, Defendant's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011). Third, grounds for default are clearly established given that, as reflected by the record and noted in the Clerk's Entry of Default, "defendant failed to plead or otherwise defend in this case as required by law." (Doc. No. 9). Fourth, there is no indication that Defendant's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Plaintiff seeks only the relief to which it is entitled under the law, mitigating the harshness of a default judgment against Defendant. *See id.* Sixth, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Defendant. *Id.* Moreover, Plaintiff has demonstrated that it sent its motion to Defendant by certified mail, (Doc. No. 11-2), as required by this Court's Local Rule 5.5. S.D. Tex. L.R. 5.5 ("Motions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested).").

### B. There is Sufficient Basis for Judgment in the Pleadings

Next, the Court must determine whether the pleadings provide a "sufficient basis" for entering default judgment. *Nasufi*, 2017 WL 6497762, at *2. Due to its default, Defendant is deemed to have admitted the well-pleaded facts alleged in the Complaint. Nonetheless, the Court must review the pleadings to determine the substantive merits of Plaintiff's claims for relief. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Here, Plaintiff purports to assert claims for (1) breach of contract, (2) in the alternative, replevin and unjust enrichment, and (3) attachment and/or receivership. (Doc. No. 1 at 3–4).

1. **Breach of Contract**

Plaintiff brings a breach-of-contract claim under the U.N. Convention on Contracts for the International Sale of Goods ("CISG"). The CISG, ratified by the United States Senate in 1986, governs "contracts of sale of goods between parties whose places of business are in different States . . . [w]hen the States are Contracting States." CISG art. 1(1)(a); *see also BP Oil Int'l, Ltd. v. Empresa Estatal Petroleos de Ecuador*, 332 F.3d 333, 337 (5th Cir. 2003) ("As incorporated federal law, the CISG governs the dispute so long as the parties have not elected to exclude its application."). Plaintiff pleads that Plaintiff is a Spanish corporation while Defendant is a Texas corporation. (Doc. No. 1 at 1–2). Spain and the United States are both Contracting States to the CISG. Moreover, nothing in the record suggests that the parties have opted out of the CISG. Thus, the CISG governs the dispute here.

The CISG defines a fundamental breach of contract as one that "results in such detriment to the other party as substantially to deprive him of what he is entitled to expect under the contract, unless the party in breach did not foresee and a reasonable person of the same kind in the same circumstances would not have foreseen such a result." CISG art. 25.

The threshold question is whether a contract exists. Plaintiff does not submit any written contract between the parties, but rather, a series of invoices for orders placed by Defendant and fulfilled by Plaintiff. Nevertheless, taking all well-pleaded facts as admitted and true, the Court finds that a contract exists. Plaintiff pleads that, since January 2021, it "fulfilled at least eight orders placed by" Defendant. (Doc. No. 1 at 2). That is an offer and acceptance, supported by consideration—the promise to pay for the goods. Moreover, the CISG states that "[t]he parties are bound . . . by any practices which they have established between themselves," CISG art. 9(1), and Plaintiff pleads that "[s]ince approximately 1996, Balaguer Rolls [Plaintiff] has maintained a

business relationship with F-R [Defendant], selling its merchandise to F-R for resale and/or use in the United States," (Doc. No. 1 at 2). As such, Defendant was bound by the parties' practice of paying for the purchased merchandise.

The next question is whether there was a breach. Defendant's failure to pay "substantially . . . deprive[d Plaintiff] of what [it] is entitled to expect under the contract." *See* CISG art. 25. Indeed, under the contract and pursuant to the invoices, Plaintiff was entitled to expect payments, which Defendant did not give. Further, this monetary damage from Defendant's failure to pay was foreseeable. Thus, Defendant breached the contract.

### 2. Unjust Enrichment

Plaintiff also asserts an unjust enrichment cause of action. Texas law is not completely clear as to whether unjust enrichment constitutes an independent cause of action rather than a theory of restitution used when calculating damages. *Compare Pepi Corp. v. Galliford*, 254 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (finding that unjust enrichment is an independent cause of action), *with Davis v. OneWest Bank N.A.*, No. 02-14-00264-CV, 2015 WL 1623541, at *1 (Tex. App.—Fort Worth, Apr. 9, 2015, pet. denied) (finding that unjust enrichment is not an independent cause of action). Nevertheless, "[i]n Texas, unjust enrichment is based on quasi-contract and is unavailable when a valid, express contract governing the subject matter of the dispute exists." *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 454 (5th Cir. 2001) (citing *Woodard v. Sw. States, Inc.*, 384 S.W.2d 674, 675 (Tex. 1964)).

Under its unjust enrichment claim, Plaintiff alleges that it "has conferred valuable benefits upon" Defendant by "shipp[ing] valuable merchandise to Houston in fulfillment of orders placed by [Defendant]." (Doc. No. 1 at 4). As discussed above, that subject matter is covered under the

7

valid contract. Thus, Plaintiff cannot recover under both the breach-of-contract claim and unjust-enrichment claim. Default judgment is denied as to the unjust-enrichment cause of action.

### 3. Receivership or Attachment

Plaintiff contends that Defendant is "likely in imminent danger of insolvency." (Doc. No. 1 at 4). As such, Plaintiff seeks "the appointment of a receiver and/or issuance of a writ of attachment." (*Id.* at 5).

#### i.   Appointment of a Receiver

A court may:

> [A]ppoint a receiver: (1) in an action by a vendor to vacate a fraudulent purchase of property; (2) in an action by a creditor to subject any property or fund to his claim; (3) in an action between partners or others jointly owning or interested in any property or fund; (4) in an action by a mortgagee for the foreclosure of the mortgage and sale of the mortgaged property; (5) for a corporation that is insolvent, is in imminent danger of insolvency, has been dissolved, or has forfeited its corporate rights; or (6) in any other case in which a receiver may be appointed under the rules of equity.

TEX. CIV. PRAC. & REM. CODE 64.001(a). Plaintiff specifically seeks the appointment of a receiver under § 64.001(a)(5) and (6).

The Court initially notes that the appointment of a receivership is not a cause of action, but a remedy. Moreover, receivership is "an extraordinary remedy that should be employed with the utmost caution." *Netsphere, Inc. v. Baron*, 703 F.3d 296, 306 (5th Cir. 2012). It is "justified only where there is a clear necessity to protect a party's interest in property, legal and less drastic remedies are inadequate, and the benefits of receivership outweigh the burdens on the affected parties." *Id.* Factors that courts have considered in determining the need for a receivership include the following:

> [A] valid claim by the party seeking the appointment; the probably that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal

remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm.

*Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 241–42 (5th Cir. 1997).

In support of receivership, Plaintiff submits a screenshot of Defendant's website, which reads, "Ferrell Ross Roll Manufacturing is now OUT OF BUSINESS." (Doc. No. 11-3). The record also contains an email exchange between the parties' counsel, in which Defendant's counsel advises that "[t]here are now no assets currently owned by the corporation. And the proceeds from that sale [of equipment] were not enough to pay off all of the lienholders on those assets." (Doc. No. 8 at 4). Most recently, in January 2024, Defense counsel further advised that "[a]ll of the assets of FRRM [Defendant] has now been sold and all proceeds turned over to First Financial Bank of Hereford." (*Id.* at 1).

Nevertheless, Plaintiff has not sufficiently demonstrated that the above-listed factors in receivership determination weigh in its favor. To be sure, Plaintiff, by virtue of this default judgment, may have a valid claim to at least some assets of Defendant, and the property may be "lost" since Defendant has already sold all of its assets. Even so, Plaintiff has failed to plead, let alone argue, that fraudulent conduct has occurred or will occur, other legal remedies are inadequate, there is no less drastic equitable remedy, and that the appointment of a receiver will do more good than harm. Thus, the Court finds no just cause to grant this "extraordinary remedy."

### ii. Writ of Attachment

Plaintiff also seeks a writ of attachment. (Doc. No. 1 at 4–5). Prejudgment writ of attachment is a remedy, not an independent cause of action, but even if it were not, Plaintiff has not satisfied the elements for the writ. Rule 64 allows for the seizure of property "to secure satisfaction of [a] potential judgment" "under the law of the state where the court is located." FED. R. CIV. P. 64(a); *see also Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck*

9

*Drivers*, 415 U.S. 423, 436 n.10 (1974) (explaining that Rule 64 codifies "long-settled federal law providing that in all cases in federal court, whether or not removed from state court, state law is incorporated to determine the availability of prejudgment remedies for the seizure of person or property to secure satisfaction of the judgment ultimately entered"). In Texas, a writ of attachment is available to a plaintiff if:

> (1) the defendant is justly indebted to the plaintiff; (2) the attachment is not sought for the purposes of injuring or harassing the defendant; (3) the plaintiff will probably lose his debt unless the writ of attachment is issued; and (4) specific grounds for the writ exist under Section 61.002.

TEX. CIV. PRAC. & REM. CODE § 61.001. These are called "general grounds." In turn, § 61.002 lays out nine, specific grounds for which attachment is available:

> (1) the defendant is not a resident of this state or is a foreign corporation or is acting as such; (2) the defendant is about to move from this state permanently and has refused to pay or secure the debt due the plaintiff; (3) the defendant is in hiding so that ordinary process of law cannot be served on him; (4) the defendant has hidden or is about to hide his property for the purpose of defrauding his creditors; (5) the defendant is about to remove his property from this state without leaving an amount sufficient to pay his debts; (6) the defendant is about to remove all or part of his property from the county in which the suit is brought with the intent to defraud his creditors; (7) the defendant has disposed of or is about to dispose of all or part of his property with the intent to defraud his creditors; (8) the defendant is about to convert all or part of his property into money for the purpose of placing it beyond the reach of his creditors; or (9) the defendant owes the plaintiff for property obtained by the defendant under false pretenses.

*Id.* at § 61.002. Plaintiff need only meet one of these grounds.

Moreover, "[a] plaintiff must support the application [for a writ of attachment] with an affidavit by the plaintiff or the plaintiff's agent or attorney that states that general and specific grounds for issuance and the amount of demand." *Marsoft, Inc. v. United LNG, L.P.*, No. H-13-2322, 2014 WL 5386094, at *10 (S.D. Tex. Oct. 21, 2024) (Lake, J.) (citing *id.* at § 61.022(a)).

"Prejudgment writs of attachment are considered a harsh and oppressive remedy, and the rules governing such a remedy must be 'strictly followed.'" *Id.* Here, Plaintiff has not strictly

followed the rules governing writs of attachment. First, Plaintiff or its counsel have not submitted an affidavit regarding attachment as required by § 61.022(a). Indeed, the only affidavits in the record support the amounts of actual damages and litigation costs. (Doc. Nos. 10-1 and 10-2).

Second, even if the Court overlooks the lack of an affidavit, Plaintiff's pleadings and motions do not support the findings of any of the nine specific grounds for the issuance of a writ: (1) Defendant is a Texas corporation, (Doc. No. 1 at 2). (2) Nothing in the record suggests that Defendant is about to move from this state. (3) Defendant is not hiding from service of process because it has been properly served, as Plaintiff admits, *see* (Doc. No. 5). (4) Defendant has not hidden its property nor does Plaintiff allege that Defendant wants to defraud its creditors; in fact, Defendant's counsel was transparent in where the money went—to the First Financial Bank of Hereford, (Doc. No. 8 at 1). (5) The record does not suggest that Defendant is about to remove its property from this state. (6) The record does not indicate that Defendant is removing its property from its county or that it has the intent to defraud its creditors. (7) While Defendant has disposed of all of its property, Plaintiff does not allege Defendant has the intent to defraud its creditors; in fact, the record suggests that Defendant's business is winding up because its founder passed away, (*Id.* at 4). (8) Defendant seemingly did convert all of its assets into money, but Plaintiff does not allege that it was to place it beyond the reach of its creditors; again, the record indicates that the creditors themselves encouraged Defendant to liquidate, (*Id.*). Finally, (9) Plaintiff does not allege that Defendant obtained the equipment under false pretenses. Therefore, Plaintiff has not demonstrated that it is entitled to a writ of attachment. That remedy is denied.

### C. Plaintiff is Entitled to Damages

After a court determines default judgment can be entered, the court must determine what form of relief, if any, the plaintiff is entitled to. *Nasufi*, 2017 WL 6497762, at *2. The plaintiff

11

bears the burden of proving the amount of damages. *U.S. for Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). The plaintiff must establish the necessary facts, either through detailed affidavits or an evidentiary hearing, to show its damages are "capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). If a calculation can be made "with certainty by reference to the pleadings and supporting documents," a hearing to determine damages is unnecessary. *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993) (quoting *Frame v. S–H, Inc.*, 967 F.2d 194, 204 (5th Cir. 1992)).

### 1. Actual Damages

Under the CISG, "[d]amages for breach of contract by one party consist of a sum equal to the loss, including loss of profit, suffered by the other party as a consequence of the breach." CISG art. 74. Plaintiff seeks actual damages in the amount of $411,418 as the unpaid balance of the invoices made for the fulfilled shipments. (Doc. No. 10 at 1). In support of this damages amount, Plaintiff attaches eight invoices, (Doc. Nos. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, and 1-8), its demand letter to Plaintiff, (Doc. No. 1-9), and the Declaration in Support of Request for Default Judgment by Santiago Guillermo Balaguer Perez, Plaintiff's Chief Executive Officer, (Doc. No. 10-1). All of these indicate that Plaintiff suffered damages in the amount of, and is entitled to, $411,418. This amount is uncontroverted. As such, the Court finds that an award of actual damages in the amount of $411,418 is appropriate.

Regarding interest, while Plaintiff's complaint prays generally for "an award . . . of compensatory and/or consequential damages, together with . . . interest[] and costs of suit," (Doc. No. 1 at 5), its Motion for Default Judgment only "seeks the award of damages in the amount of $411,418.00, plus costs of suit in the amount of $487.00," (Doc. No. 10 at 1). Nevertheless, the adequacy of a plaintiff's pleadings is resolved by reference to Rule 54(c). *Crown Cent. Petroleum*

*Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 768 F.2d 632, 638 (5th Cir. 1985). Rule 54(c), in turn, requires that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the *pleadings*." Fed. R. Civ. P. 54(c) (emphasis added). Thus, the Court looks to the pleadings—i.e., the Complaint.

The CISG authorizes the award of interest: "If a party fails to pay the price or any other sum that is in arrears, the other party is entitled to interest on it, without prejudice to any claim for damages recoverable under article 74." CISG art. 78. As such, the Court awards pre-judgment and post-judgment interest at the federal rate, pursuant to 28 U.S.C. § 1961.

Plaintiff does not state a date on which the pre-judgment interest should begin to accrue. The record, however, suggests that the latest unpaid invoice matured on July 23, 2023. (Doc. No. 1-9 at 2). As such, the Court finds that the pre-judgment interest should accrue from that date to the date of this judgment.

### 2. Costs of Suit

Plaintiff also seeks "costs of suit in the amount of $487.00." (Doc. No. 10 at 1). Plaintiff's counsel avers that Plaintiff incurred a filing fee of $402 and a service-of-process expense of $85. (Doc. No. 10-2 at 2). Courts applying the CISG have treated demands for costs as governed by the law of the forum state. *See Hefei Ziking Steel Pipe Co., Ltd. v. Meever & Meever*, 4:20-cv-425, 2021 WL 4267162, at *8 (finding that Plaintiff is entitled to recover attorney's fees and costs under Texas Civil Practice and Remedies Code as authorized by the CISG). Here, Texas Civil Practice and Remedies Code permits a prevailing party in a breach-of-contract suit to recover attorney's fees and costs, provided the party, through its counsel, timely presents its claim to the opposing party before the litigation. TEX. CIV. PRAC. & REM. CODE § 38.001–.002. The evidence shows that

Plaintiff sent Defendant a demand letter on May 4, 2023, over seven months before the filing of this suit. As such, Plaintiff is entitled to recover its costs of court in the amount of $487.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **GRANTED** as to the breach-of-contract claim against CISG. Its claims for unjust enrichment, receivership, and writ of attachment are **DENIED**. Plaintiff is entitled to recover from and against Defendant (a) $411,418 for the unpaid balance for the goods delivered; (b) pre-judgment interest on that balance in (a), accruing from July 23, 2023, to the entry of judgment at the applicable federal rate, *see* 28 U.S.C. § 1961; (c) $487 in costs; and (c) post-judgment interest at the applicable federal rate, *see* 28 U.S.C. § 1961, from the date of the final judgment until paid in full.

In accordance with Rule 58(a) of the Federal Rules of Civil Procedure, final judgment will be entered in a separate document.

Signed on this the 17th day of December 2024.

Andrew S. Hanen
United States District Judge